IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARIO AGATE,

        Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY,
and MICHAEL COMFORT, Director of
the Bureau of Immigration and
Customs Enforcement,

        Respondent.

No. 05 C 1142

## MEMORANDUM OPINION AND ORDER

Mario Agate is a native of Italy and a legal resident alien of the United States. On March 2, 2002, Mr. Agate pleaded guilty, in the Circuit Court of Cook County, to the offense of possession of less than 15 grams of a substance containing cocaine. He was sentenced to a period of expungable probation. On April 23, 2004, the Department of Homeland Security ("DHS") sought Mr. Agate's removal from the United States. While DHS presented three bases for Mr. Agate's deportation, the Immigration Court only addressed one basis: that Mr. Agate's conviction for possession of a controlled substance was an aggravated felony, making him ineligible for cancellation of removal under § 1229b(a)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1101 et seq. Mr. Agate files this petition for a writ of habeas corpus seeking declaratory and injunctive relief, including an injunction on Mr. Agate's

removal from the United States. For the reasons stated below, I grant Mr. Agate's petition, and enjoin his removal.

An alien who has been convicted of an "aggravated felony" is ineligible for cancellation of removal. 8 U.S.C. § 1229b(a)(3). The issue here is whether Mr. Agate's conviction of a state felony offense constitutes an aggravated felony for purposes of removal. "Aggravated felony" includes, *inter alia*, drug trafficking crimes as defined by 18 U.S.C. § 924(c). *See* 8 U.S.C. § 1101(a)(43)(B). The current interpretation of § 924(c) by the Board of Immigration Appeals ("BIA") is that a state drug conviction falls within the definition of a drug trafficking crime if (1) the conduct underlying the conviction is punishable under the federal Controlled Substances Act ("CSA") and (2) the conviction is a felony under the applicable state law. *See In re Yanez-Garcia*, 23 I. & N. Dec. 390, 398 (BIA 2002). However, as this is a purely legal issue, I need not defer to the BIA's interpretation, but consider the issue *de novo*. *See id.* at 396.

While the Seventh Circuit has yet to address this issue, a number of other circuits have done so. Two competing interpretations for the term "aggravated felony" have arisen. The first interpretation, consistent with the BIA's ruling in *Yanez-Garcia*, follows a line of cases interpreting § 924(c) for the purpose of sentencing enhancements under the Federal Sentencing Guidelines ("Guideline interpretation").

The Guideline interpretation has been adopted by both the Fifth and Eighth Circuits. It holds that a drug conviction is an aggravated felony if (1) the offense is punishable under the CSA and (2) the offense is classified as a felony under either state or federal law. *United States v. Hernandez-Avalos*, 251 F.3d 505, 508 (5th Cir. 2001); *Herrera-Soto v. Immigration and Naturalization Service ("INS")*, No. 98-2979, 1999 WL 272422, at *1 (8th Cir. May 5, 1999). DHS argues that I should adopt this position, citing the two circuits that have adopted it, as well as the Sentencing Guideline cases that underlie the position.

I think that the better position, however, is that taken by the Second, Third, and Ninth Circuits with respect to the definition of "aggravated felony." This position, referred to as the "hypothetical federal felony" interpretation, states as follows: a state drug conviction falls within the definition of an aggravated felony when it either (1) contains a trafficking element, or (2) would be punishable as a felony under analogous federal law. *See Cazarez-Gutierrez v. Ashcroft*, 382 F.3d 905, 912 (9th Cir. 2004); *see also Gerbier v. Holmes*, 280 F.3d 297 (3rd Cir. 2002); *Aguirre v. INS*, 79 F.3d 315 (2nd Cir. 1996).

The courts that have adopted the "hypothetical federal felony" interpretation have done so for three reasons. The first is the need for "national uniformity in the administration of immigration laws." *Cazarez-Gutierrez*, 382 F.3d at 912; *Gerbier*, 280 F.3d at

3

311. The courts note the constitutional grant of power to Congress to establish a uniform rule of naturalization. *Cazarez-Gutierrez*, 382 F.3d at 912. To achieve this uniformity, the definition of "aggravated felony" should rely on federal law, not state law, which may vary from one state to another, even given the same underlying conduct. *Id.* at 913. The courts further note that in the sentencing setting, the approach is the opposite: state law predominates in the arena of defining and enforcing criminal law. *Id.* at 913-914.

The second reason for adopting the "hypothetical federal felony" relies on congressional intent. The court in *Cazarez-Gutierrez* lays out a detailed examination of the history of the term "aggravated felony" in this setting. *Id.* at 914-917. Importantly, the court notes that, in the last congressional amendment to the definition, the House Judiciary Report cited and concurred with a then-recent BIA decision, *Matter of Barrett*, 20 I. & N. Dec. 171 (BIA 1990). That decision had held that state convictions constituted aggravated felonies if they were "analogous to offenses under [federal drug laws]." *Id.* at 177-78. That definition is consistent with the "hypothetical federal felony" interpretation, and has not been altered by Congress since, despite subsequent amendments to the immigration laws. *Cazarez-Gutierrez*, 382 F.3d at 917.

Finally, the third reason for adopting the "hypothetical federal felony" interpretation rests on the equities of the situation. *Cazarez-Gutierrez*, 382 F.3d at 917-19; *Gerbier*, 280 F.3d at 312. Aliens should not be subjected to removal in one state, yet protected in another, because of variations in state law. Because removal is such a harsh measure, any ambiguity in the statute should be resolved in favor of the alien: here, in favor of the "hypothetical federal felony" interpretation. *Id.* at 918 (citing *INS v. Cardoza-Fonseca*, 480 U.S. 421, 449 (1987); *INS v. Errico*, 385 U.S. 214, 225 (1966)).

I find this reasoning sound, and agree with it. As Mr. Agate's conviction for possession of less than 15 grams of a substance containing cocaine would not be punishable as a felony under federal law, and does not contain a trafficking offense, it does not constitute an "aggravated felony." I grant his petition, and enjoin his removal.[1]

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: April **11**, 2005

---

[1] As I grant Mr. Agate's petition on other grounds, I do not reach his argument about the retroactive application of the decision in *Yanez-Garcia*.

5